UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

WALL ART DISTRIBUTORS, INC.,                    CIVIL ACTION NO. 7:24-cv-03695  PMH
POSTERAZZI CORP.; and ORANGE
COUNTY DESIGN AND PRINT, INC.
d/b/a OC DESIGN AND PRINT,

        Plaintiffs,

                                    **[PROPOSED]** STIPULATED
v.                                                            CONSENT DECREE WITH
                                    PERMANENT INJUNCTION
                                    AND DISMISSAL OF ACTION

MERCH TRAFFIC, LLC,

        Defendant.
_____

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned:

      WHEREAS, on or about May 14, 2024, Plaintiff Wall Art Distributors, Inc. ("WAD")
commenced an action against Defendant Merch Traffic, LLC  ("MT") for violations of the Digital
Millenium Copyright Act, tortious interference with business relations, declaratory relief regarding
the right of publicity, and declaratory relief regarding copyright preemption and thereafter filed its
First Amended Complaint.

      WHEREAS, on January 13, 2025, WAD filed a Second Amended Complaint, adding as
party plaintiffs Posterazzi Corp. ("Posterazzi") and Orange County Design and Print, Inc, d/b/a
OC Design and Print ("OCDP") (together, WAD, Posterazzi and OCDP are the "WAD Parties"),
and removing claims for declaratory relief regarding the right of publicity, and declaratory relief
regarding copyright preemption (hereafter, the "WAD Parties' Complaint")

      WHEREAS, MT's had counterclaims against the WAD Parties.  Although this matter was
resolved by the parties prior to MT filing its answer and counterclaims, MT's claims stemmed
from the WAD Parties' unlicensed use of intellectual property rights that are licensed to MT by

performers and others including the licensor's right of publicity and privacy (including the right to reproduce the licensor's image and likeness on and in connection with products, such as prints and posters in various sizes), federally registered and unregistered trademarks, copyrights, logos and other indicia of said performer, hereinafter collectively referred to as "MT's IP Rights". MT's counterclaims that would have been raised included: infringement of the right of publicity and privacy; federal trademark infringement 15 U.S.C. § 1114 *et seq.*; federal Lanham Act violations under 15 U.S.C. § 1125(a)(false designation of origin); federal Lanham Act violations under 15 U.S.C. § 1125(c)(trademark dilution); copyright infringement 17 U.S.C. § 505 *et. seq.*; state law unfair competition; state law unfair business practices and unjust enrichment; and common law trademark infringement, unfair competition and unfair business practices, hereinafter collectively referred to as "MT's Counterclaims".

WHEREAS, although each of the aforementioned parties denies the claims against it, and would have vigorously defended against such claims, in furtherance of the parties' mutual desire to amicably, efficiently, and expeditiously settle and discontinue this action (namely the WAD Parties' the Complaint and MT's Counterclaims) without incurring additional costs and fees, (including those that would have been related to MT's filing of its MT's Counterclaims), have reached agreement for resolution of this action and have agreed to entry by this Court of this Consent Decree, Stipulated Permanent Injunction and Dismissal of Action ("Permanent Injunction") and for the continuing jurisdiction of the Court on the terms and conditions set forth herein pursuant to the as set forth in the Confidential Settlement and Release Agreement ("Confidential Agreement") entered into by MT and the WAD Parties (hereinafter collectively referred to as the "Parties").

THEREFORE, all Parties hereby stipulate and agree, and the Court hereby ORDERS as follows:

1.    This Court has jurisdiction of the subject matter of this action and personal jurisdiction over the Parties.

2.    Venue is proper in this Court.

3.    Subject to the terms and conditions of the Confidential Agreement, the WAD Parties and their assigns, successors, affiliates, divisions, parent entities, and subsidiary entities, and all entities under the control of any of the foregoing, and their officers, directors, principals, shareholders, interest holders, members, partners, agents, employees, managers, representatives, and heirs, and all persons in active concert and participation with them, shall not after the entry of this Permanent Injunction create, manufacture, sell, offer for sale, distribute or advertise any products, including prints and posters, that contain or use MT's IP Rights, including any products that contain or use the images or likenesses of those performers set forth in Exhibit A to the Confidential Agreement.

4.    The WAD Parties are jointly and severally liable for each term and condition of this Permanent Injunction.

5.    This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Permanent Injunction and breach of the Confidential Agreement, subject to the terms and conditions of the Confidential Agreement. The Court shall also retain jurisdiction to award amounts for damages, costs, attorneys' fees, and such other relief as may be just and proper arising by reason of any future claim of violation of this Permanent Injunction or breach of the Confidential Agreement.

6. Should any Party seek to enforce or defend the terms of the Confidential Agreement, any copy of the Confidential Agreement or reference to any of its terms shall be filed under seal.

7. The WAD Parties and MT shall each bear its own costs, expenses, and attorneys' fees.

8. The WAD Parties' Complaint against MT is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: January 14, 2025
White Plains, New York

The Honorable Philip M. Halpern
United States District Judge

**CONSENTED TO AND APPROVED:**

**GENOVA BURNS LLC**

By: 

Lawrence Bluestone (LB0586)
115 Broadway, 15th Floor
New York, New York 10006
Tel. (973) 533-0777
Fax (973) 533-1112
lbluestone@genovaburns.com
Counsel for  Wall Art Distributors, Inc.,
Posterazzi, Corp., and Orange County
Design and Print, Inc, d/b/a
OC Design and Print

**MIMS, KAPLAN, BURNS & GARRETSON**

By: 

Cara R. Burns (CB 1071)
28202 Cabot Road, Suite 300
Laguna Niguel, California 92677
Tel. (310) 314-1721
Fax (949) 340-9737
cburns@hmkblawyers.com
Counsel for Merch Traffic, LLC

4